IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ASSET PROTECTION & SECURITY SERVICES, LP § § § § | | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| AHTNA SUPPORT & TRAINING SERVICES, LLC | § § § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant files this notice of removal under 28 U.S.C. §1446(a).

### I.  INTRODUCTION

1. Plaintiff is Asset Protection & Security Services, LP ("Asset" or "Plaintiff"); Defendant is Ahtna Support & Training Services, LLC ("AhtnaSTS" or "Defendant"). This is a case involving a dispute between two federal contractors. AhtnaSTS is the prime contractor under a contract with the United States Government through the Department of Homeland Security ("DHS"). Asset is a subcontractor under the DHS contract. The dispute involves AhtnaSTS's termination of the Asset subcontract. The DHS contract is subject to the provisions of the Federal Acquisition Regulation ("FAR"), 48 CFR 1 *et seq*., and other federal statutes, including by way of example the Service Contract Act. A number of the provisions of the DHS contract flow down to the subcontract as required by the FAR. The Service Contract Act is involved because of the Plaintiff's payroll practices and Executive Order (E.O.) 13495, "Nondisplacement of Qualified Workers Under Service Contracts," which is relevant to Plaintiff's claim that Defendant breached the subcontract non-solicitation prohibition. The subcontract

specifically provides that is governed by "the laws of the United States and to the extent the laws of the United States are not applicable, the laws of the State of Alaska."

2. On January 22, 2019, Defendant received a copy via efile of Plaintiff's Original Petition and Verified Application for Temporary Restraining Order and Temporary Injunction ("Petition") filed in the 357th Judicial District Court of Cameron County, Texas, which was assigned Cause No. 2019-DCL-00369. Shortly thereafter on that date, Defendant received a copy of a Temporary Restraining Order, a notice of hearing on for a temporary injunction set for February 1, 2019 along with expedited discovery requests.

3. On January 23, 2019 Defendant received personal service of Plaintiff's Original Petition and Precepts to Serve the Temporary Restraining Order and Order Granting Expedited Discovery.

4. AhtnaSTS files this Notice of Removal, to the United States District Court for the Southern District of Texas, Brownsville Division, pursuant to the provisions of 28 U.S.C. § 1441 *et seq*. within the 30 day time period required by 28 U.S.C. §1446(b)(1).

5. Defendant has not yet answered Plaintiff's Petition.

6. No further proceedings have been had in the state court action.

II.   BASIS FOR REMOVAL

7. Removal is proper because:

A. Plaintiff's suit involves questions of federal law. 28 U.S.C. §§1331, 1441(a). Specifically, this cause of action involves and arises out of the subcontract between the parties entered into pursuant to an in furtherance of the Government DHS contract. The DHS contract is subject to the provisions of the FAR and a number of those provisions flow down into the subcontract between the parties. In particular, the subcontract termination clause [Section 5 of

the subcontract] incorporates by reference FAR provisions. The parties recognized and agreed that the governing law for the subcontract is "the laws of the United States and to the extent the laws of the United States are not applicable, the laws of the State of Alaska." [Subcontract ¶21]. Removal to this Court is warranted because this it is the appropriate forum for interpretation and application of the laws of the United States.

    B.    This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens of different States in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Plaintiff is a citizen of Texas. Plaintiff states in its Original Petition that it is a Texas limited partnership with its principal place of business in Corpus Christi, Texas. *See* Original Petition at ¶ 6. Defendant is a corporation incorporated under the laws of the State of Alaska with its principal place of business in Anchorage, Alaska. Therefore, Defendant is a citizen of Alaska for purposes of determining diversity. 28 U.S.C. § 1332(c)(1). *Id.* ¶ 7. Thus, complete diversity exists in this case.

    C.    The amount in controversy requirement of 28 U.S.C. § 1332(a) is met in this action under 28 U.S.C. § 1446(c)(2) because Plaintiff seeks monetary relief over $1,000,000 and non-monetary injunctive relief. *See* Plaintiff's Original Petition at ¶ 5. Plaintiff therefore seeks recovery of an amount in excess of $75,000.00, exclusive of costs and interest.

    D.    The place where the contract and subcontract in dispute are being performed is Los Fresnos, Texas. Suit was filed in Cameron County, Texas. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Southern District of Texas, Brownsville Division, embraces the place in which the removed action was pending.

### III.    COMPLIANCE WITH LOCAL RULE 81

8.    Pursuant to S.D. Tex. Local R. 81, this Notice of Removal is accompanied by copies of the following:

        i.        All executed process: in the case: (Exhibits A, B and C)

        ii.        Pleadings asserting causes of action and defenses: Plaintiff's Original Petition and Verified application for Temporary Restraining Order and Temporary Injunction (Exhibit D)[1];

        iii.        All orders signed by the State Judge:
        (i)        Order Granting Temporary Restraining Order and Setting Hearing for Temporary Injunction (Exhibit E);

        (ii)        Order Granting Plaintiff's Motion for Expedited Discovery (Exhibit F);

(d)        The State Court Docket Sheet (Exhibit G);

(e)        Rule 11 agreement with proposed agreed order extending TRO (Exhibit H)

(f)        An index of documents being filed (Exhibit I); and

(g)        A list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit J).

9.        Defendant will file promptly a copy of this Notice of Removal with the clerk of the state court in which the action has been pending.

10.        This Notice of Removal has been served on all proper named parties to the removed case.

## IV.    PRAYER

11.        Defendant AhtnaSTS prays that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in state court pursuant to 28 U.S.C. § 1441.

---

[1] Plaintiff's Original Petition as filed with the District Clerk in Cameron County, TX, was heavily redacted. The 357th District Court was presented with and had before it at the TRO hearing an un-redacted pleading. No protective order is on file with respect to the un-redacted pleading. To comply with the requirements of S.D. Tex. Local R. 81, Exhibit D hereto includes both the redacted petition (D-1) and the un-redacted petition (D-2).

Respectfully submitted,

*/s/ Dennis C. Gardner*
Dennis C. Gardner
SBOT 07651700
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
500 Dallas Street, Suite 3000
Houston, Texas   77002
713.655.0855 (phone)
713.655.0020 (fax)
dennis.gardner@ogletree.com

Ruben R. Peña
SBOT 15740900
Law Offices of Ruben R. Peña
Brownsville, TX 78520-8111
956-546-5775 (phone)
956-546-5778 (fax)
ruben@rubenpenalaw.com

**ATTORNEYS FOR DEFENDANT AHTNA SUPPORT & TRAINING SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th. day of January, 2019, the foregoing document was served on Plaintiff in accordance with Federal Rules of Civil Procedure.

>Joanne Early
>J. Michael Thomas
>Michelle Ku
>Andrew Howell
>FOLEY & LARDNER LLP
>FOLEY GARDERE
>2021 McKinney Avenue, Suite 1600
>Dallas, Texas 75201

>*/s/ Dennis C. Gardner*

37133680.1